IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY KUZMANN,<br>  Plaintiff,<br><br>  v.<br><br>PRIMECARE CORPORATE OFFICE, *et al.*,<br>  Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 25-CV-5607<br>:<br>:<br>:<br>: |

### MEMORANDUM

**JUDGE JUAN R. SÁNCHEZ**                   October 14, 2025

  Anthony Kuzmann, a pretrial detainee incarcerated at the Northampton County Department of Corrections, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming the PrimeCare Corporate Office[1] and the Northampton County Jail ("NCJ") Medical Office as Defendants. Kuzmann also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

**I.  FACTUAL ALLEGATIONS**[2]

  Kuzmann's allegations are brief. He asserts he previously had a surgery, but claims he needs a second surgery. (Compl. at 5.) He alleges he asked about when his second surgery was scheduled and "they didn't respond." (*Id*. at 5.) He asked "them again about [his] next appointment because [he] was in so much pain" and he was not getting any relief with the Motrin

---

[1] Kuzmann refers to both the PrimeCare Corporate Office and PrimeCare Medical. The Court understands his claims to be against PrimeCare Medical.

[2] Kuzmann used the form complaint available to unrepresented litigants to file his Complaint ("Compl."). (ECF No. 2.) The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from the Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up.

provided to him.  (*Id.*)  He also requested "better medication because [he] only did the first half of [his] surgery, and none was given."  (*Id.*)  He claims these requests were made around November 15, 2024.  (*Id.*)  He asserts that PrimeCare Medical ("PrimeCare") has denied his "every opportunity in getting better." (*Id*. at 4.)  For instance, he asserts he "put in numerous request slips to see the outside doctor, requested medication, and no response became the only response." (*Id.*)  Kuzmann filed grievances related to these complaints.  (*Id*. at 6.)  He claims in response to his grievances "they said they would see if they felt as though the appointment was needed," but did not respond about getting him medication for his pain.[3]  (*Id*. at 7).

As a result of these events, he alleges cruel and unusual punishment under the Eighth Amendment, as well as claims under state law.  (*Id*. at 2, 5.)  His injuries include a swollen arm and body aches.  (*Id*. at 5.)  He requests money damages.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Kuzmann leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3] It is unclear if Kuzmann intended to bring constitutional claims based on the handling of prison grievances.  If he did intend to bring such claims, they are dismissed because "prisoners do not have a constitutional right to prison grievance procedures."  *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)).

[4] Because Kuzmann is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Kuzmann is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Kuzmann asserts his constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court, as well as claims under state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

**A.    Claims Against Northampton County Jail Medical Office**

Kuzmann names the NCJ Medical Office as a defendant.[5] This is not a proper defendant for a § 1983 claim. The United States Court of Appeals for the Third Circuit has made clear that

---

[5] In his Complaint, Kuzmann states that his Eighth Amendment rights were violated. (*See* Compl. at 3.) However, because it appears Kuzmann was a pretrial detainee at the time of the events in

3

a prison medical department is not a "person" for purposes of § 1983 liability.  *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (*per curiam*) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).  Therefore, the claims against the NCJ Medical Office will be dismissed as unplausible.

      **B.**     **Claims Against PrimeCare**

Kuzmann seeks to present claims against PrimeCare, presumably based on unidentified PrimeCare employees failing to provide adequate medical care.  (*See* Compl. at 4-5.)  Although a private corporation under contract to provide medical services at a jail or prison may be liable under § 1983 in certain circumstances, the United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'"  *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (*per curiam*) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)) (applying *Monell* to claims against medical contractor).  Rather, to hold a private health care company like PrimeCare liable for a constitutional violation under § 1983, Kuzmann must allege PrimeCare had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Phila.*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) (Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or

---

question, the Fourteenth Amendment, rather than the Eighth Amendment, governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 165-66 (3d Cir. 2005).

policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).[6]

Kuzmann not only fails to identify a specific policy or custom of PrimeCare, but also fails to allege that he was injured due to that policy or custom, both of which are fatal to his claim. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (holding that "vague assertions" of a policy or custom, without more, are not sufficient to state a claim under *Monell*). Instead, Kuzmann's claims focus on the alleged actions of unidentified employees of PrimeCare. Because PrimeCare cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability, his claims against PrimeCare are not plausible as pled and will be dismissed without prejudice.[7]

## IV.  CONCLUSION

---

[6] A plaintiff may also state a basis for liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). The provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom., Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019).

[7] Because the Court has dismissed Kuzmann's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any remaining state law claims. The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal quotations and footnotes omitted). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). He alleges he is incarcerated at the NCJ and lists addresses in Pennsylvania for the Defendants, (*see* Compl. at 2), which suggests he and Defendants may be Pennsylvania citizens. Thus, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

For the foregoing reasons, the Court will grant Kuzmann leave to proceed *in forma pauperis* and dismiss the Complaint. All claims against the NCJ Medical Office and based on grievances will be dismissed with prejudice. He will not be given leave to amend these claims because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). His remaining claims will be dismissed without prejudice.[8] Kuzmann will be permitted to file an amended complaint[9] if he can cure the defects the Court has identified in the claims dismissed without prejudice.

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

 /s/ Juan R. Sánchez
JUAN R. SÁNCHEZ, J.

---

[8] Kuzmann's request for counsel will be denied at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim").

[9] If Kuzmann files an amended complaint, he should be mindful of the elements of the claims he asserts. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).