**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY KUZMANN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-5607** |
| | : | |
| **PRIMECARE CORPORATE OFFICE,** | : | |
| ***et al.,*** | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

**AND NOW**, this 14th day of October 2025, upon consideration of Plaintiff Anthony Kuzmann's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 1), his Prisoner Trust Fund Account Statement (Dkt. No. 4), his *pro se* Complaint (Dkt. No. 2), and his Request for Appointment of Attorney (Dkt. No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Anthony Kuzmann, #26281, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Northampton County Department of Corrections or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Kuzmann's inmate account; or (b) the average monthly balance in Kuzmann's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Kuzmann's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Kuzmann's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Northampton County Department of Corrections.

      4.      The Complaint is **DEEMED** filed.

      5.      For the reasons stated in the Court's Memorandum, the Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

      a.    All claims against the Northampton County Jail Medical Office and based on grievances are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      b.    The remaining federal claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      c.    All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

      6.      The Clerk of Court is **DIRECTED** to terminate the Northampton County Jail Medical Office as a defendant.

      7.      Kuzmann may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for his claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Kuzmann should be mindful of the Court's reasons for dismissing

the claims in his initial Complaint as explained in the Court's Memorandum.  Kuzmann is reminded he may **NOT** reassert any claim that has already been dismissed with prejudice.

8.      Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.      The Clerk of Court is **DIRECTED** to send Kuzmann a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Kuzmann may use this form to file his amended complaint if he chooses to do so.

10.      If Kuzmann does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11.      If Kuzmann fails to file any response to this Order, the Court will conclude that Kuzmann intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See*

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

12.    The Request for Appointment of Attorney (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE** to reassertion after the Court conducts statutory screening of any amended complaint that Kuzmann may file.

                                    **BY THE COURT:**


                                    **/s/ Juan R. Sánchez**
                                    **JUAN R. SÁNCHEZ, J.**

---

dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See, e.g.*, *Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.") (citing cases).